IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JOEL SCOTT FLAKES,

            Plaintiff,                             OPINION AND ORDER

v.

                                            17-cv-237-wmc

JON E. LITSCHER, et al.

            Defendants.

---

Plaintiff Joel Scott Flakes, an inmate at Stanley Correctional Institution ("Stanley") who is wheelchair-bound, filed this lawsuit against certain Stanley employees and employees of the Wisconsin Department of Corrections ("DOC"), challenging their handling of his request for a personal care attendant ("PCA"). The court granted Flakes leave to proceed on claims under the Fourteenth Amendment's equal protection clause, Americans with Disabilities Act (the "ADA"), 42 U.S.C. § 12131 *et seq.* and Rehabilitation Act, 29 U.S.C. § 701 *et seq.*, Now before the court is Flakes' proposed amended complaint (dkt. #21), which requires screening under 28 U.S.C. § 1915A. For the reasons that follow, Flakes will not be allowed to proceed on the additional claims.

OPINION

In his amended complaint, Flakes does not propose any new allegations related to the defendants' denial of his request for a PCA, nor does he include all of the allegations from his original complaint. Instead, Flakes appears to elaborate on his existing claims, while adding that he believes defendants violated his Eighth and Fourteenth Amendment rights. At this stage in the lawsuit, the court typically allows parties to amend freely as justice requires, *see* Fed. R. Civ. P. 15(a)(2), and will do so here with respect to any

elaboration on his existing claims (without requiring defendants to replead), but because Flakes has not alleged any new facts and his allegations do not support the newly proposed claims, the court will not grant Flakes leave to proceed on any additional claims on the basis of futility. *See Gonzalez-Koeneke v. West*, 791 F.3d 801, 807 (7th Cir. 2015) (court may deny leave to amend where "the amendment would be futile").

I. **Eighth Amendment**

Flakes claims that defendants acted with deliberate indifference to his need for an accommodation for his disability, but his allegations do not support this Eighth Amendment claim. The Eighth Amendment's prohibition against cruel and unusual punishment imposes upon prison officials the duty to provide prisoners "humane conditions of confinement." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). To succeed on an Eighth Amendment claim challenging conditions of confinement in particular, a plaintiff must prove that: (1) the conditions of confinement were objectively serious, such that they deprive inmates of the minimal civilized measure of life's necessities; and (2) the defendant knew about, but failed to take reasonable measure to prevent the potential harm of that condition. *Henderson v. Sheahan*, 196 F.3d 839, 845 (7th Cir. 1999) (citing *Farmer*, 511 U.S. at 834.)

Additionally, a prison official may violate the Eighth Amendment in the context of a prisoner's medical treatment by acting with "deliberate indifference" to a "serious medical need." *Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976); *Forbes v. Edgar*, 112 F.3d 262, 266 (7th Cir. 1997). "Serious medical needs" include: (1) life-threatening conditions or those carrying a risk of permanent serious impairment if left untreated; (2) withholding of

2

medical care that results in needless pain and suffering; or (3) conditions that have been "diagnosed by a physician as mandating treatment." *Gutierrez v. Peters*, 111 F.3d 1364, 1371 (7th Cir. 1997).

Flakes' allegations in his complaint do not support a claim under either theory. Flakes has not alleged that his conditions of confinement subjected him to a substantial risk of harm or denied him any of life's necessities. Nor has Flakes alleged that he suffers from a serious medical need. More importantly, Flakes' allegations do not suggest that any of the defendants consciously disregarded a serious medical need or constitutionally infirm conditions of confinement. Accordingly, the court will not grant Flakes leave to proceed on an Eighth Amendment deliberate indifference claim.

**II. Fourteenth Amendment**

Flakes also asks that his Fourteenth Amendment discrimination claim be expanded to include a due process claim. To succeed on this claim, plaintiff must prove that: (1) he has a liberty or property interest with which the state interfered; and (2) the procedures he was afforded upon that interference were constitutionally deficient. *Ky. Dep't of Corr. v. Thompson*, 490 U.S. 454, 460 (1989); *Marion v. Columbia Corr. Inst.*, 559 F.3d 693, 697 (7th Cir. 2009); *Scruggs v. Jordan*, 485 F.3d 934, 939 (7th Cir. 2007). In the Seventh Circuit, "a liberty interest *may* arise if the length of segregated confinement is substantial and the record reveals that the conditions of confinement are unusually harsh." *Marion v. Columbia Corr. Inst.*, 559 F.3d 693, 697-98 (7th Cir. 2009). Courts in this circuit have generally concluded that short-term placements in segregation -- typically less than six months -- do not involve a liberty interest. However, longer periods of segregation *do*

require inquiry into the conditions to determine if they impose an "atypical, significant" hardship. *Id.* at 697 (citing *Wilkinson v. Austin*, 545 U.S. 209, 214, 224 (2005) (prisoners' liberty interests implicated when placed in segregation depriving them of virtually all sensory stimuli or human contact for an indefinite period of time)).

Flakes may not proceed on a due process claim because his allegations do not support a reasonable inference that he suffered a loss of liberty when his request for a PCA was denied. Although Flakes may not have been able to access all of the programs and facilities offered within Stanley because he is wheelchair-bound and lacking full assistance, Flakes has not alleged facts suggesting that he was subjected to conditions akin to the conditions of segregation, nor has Flakes otherwise identified how he suffered the loss of a property interest because his request for a PCA was denied. Accordingly, having failed to allege facts supporting a reasonable inference that he suffered a loss of a liberty interest, Flakes may not proceed on a due process claim.

ORDER

IT IS ORDERED that plaintiff Joel Flakes is DENIED leave to proceed on the additional claims outlined in his proposed amended complaint. (Dkt. #21.) Defendants are not required to file an answer to Flakes' amended complaint, since Flakes may not proceed on any additional claims, or against any additional defendants.

Entered this 5th day of May, 2020.

BY THE COURT:
/s/
WILLIAM M. CONLEY
District Judge