In The United States District Court

For The Western District of Wisconsin

DOC NO
REC'D/FILED
2021 AUG 10  AM 10: 06
PETER OPPENEER
CLERK US DIST

Joel Scott FLAKES, Pro se
      Plaintiff,

      v.

Kevin Carr, et al,
      Defendants.

17-CV-237-WMC

Plaintiff pursuant to FRCP Moves this court to Appeal the disposition of this case, Motion For New Trial and Objections to any Bill of costs to plaintiff

    This case was initially filed officially May 1, 2017 and only 32 months later after screening in January 2020 was plaintiff allowed to proceed informa paupers's after an initial Filing Fee of 210.00 on may 1, 2017, Eventually the Full filing fee was paid over an extended period of time at 20% paid Finally in approximately october of 2019.

    Plaintiff's case was not Frivolous or filed to harass the defendants, but was filed in good faith, the defendants were just able to garner/obtain Counsel better than the plaintiff.

    Just Cause For encompassing motion
    The defendants through their summary Judgment Motion has engaged in Character assasination, enuendoes and half or partial truths in unsigned declarations submitted as true evidence in this case to defend the undefensible.

over

The one and only viable defense the defendants would have actually had, which they have not put forth nor attempted to blinded by their own arrogance, that when they did receive my verbal and written administrative complaints concerning my discriminoty and desparate treatment all the way up through the systems chain of command including this civil Rights complaint not once has either defendant or state representative argued that the inmate respite workers were confronted or questioned concerning plaintiff's complaints and directed or ordered to see that all activities or services must be made available to plaintiff or an explanation given as to why not.

The main provisions and meaning of both the Americans with Disabilities Act and The Rehabilitation Act that applies most to plaintiff is stated in the following: "who with or without reasonable modifications to rules, policies or practices, the removal of architectural, communications, or transportation barriers, or the provision of auxiliary aids and services," such as a personal care assistent (PCA) must include the plaintiff.

The Rehabilitation Act similarly requires "reasonable accommodations" for disabled persons. Accommodations are deemed unreasonable only if they impose "a fundamental alteration in the nature of the program" or require an "undue financial and administrative burden." Plaintiff argues that these will be no undue financial or administrative costs or

(2)

burden added to the budgets of the DOC or SCI to meet the requirements of the ADA or Rehabilitation Act in order to accommodate the plaintiff's needs, the only fundamental alteration in the nature of the programs, services or activities over which the defendants have complete control over except that would provide to plaintiff a more accessible assist to plaintiff in real time. This court should take judicial notice that the Civil Rights complaint was filed on May 1, 2017 and approximately October 2017 the DOC and SCI instituted its new job service known as "special needs workers" in conjunction with their inadequate "respite workers" to assist the disabled inmates.

This new job of special needs worker is hired through the health services unit at a pay rate of 0.47 that is a five rating the highest rating the DOC provides. This pay rate would tend to support plaintiff's unrefuted argument that there would be no undue financial or administrative costs or burden placed on the defendants. The court could search the record or depose witnesses but would not find any differences in the described duties of the defendants "special needs workers" or plaintiff's "Personal Care Assistant".

As a fall back argument the defendants want to assert qualified immunity in their summary judgment motion, in this case qualified immunity should not be a shield to cover for their misdeeds when these deeds were intentional and deliberate and violated clearly established law written in their on policies and procedures #300.00.35.

(3) (over)

So qualified immunity cannot be a viable defense here, where the defendants by virtue of their responsibilities as State employees to look out for the safety, health and security of plaintiff who is in their care designed a second class system that is discriminatory and disparaging to plaintiff, so to suggest that they enjoy qualified immunity as a fall back argument is the height of arrogance.

In Huff v. Reichert, 744 F. 3d 999 (7th Cir. 2014) the Court adopted by reiteration the following language: "The doctrine of qualified immunity "protects government officials from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known."' Pearson v. Callahan, 555 U.S. 223, 231, 129 S. Ct. 808, 172 L. Ed 2d 565 (2009) (quoting Harlow v. Fitzgerald, 457 U.S. 800, 818, 102 S. ct. 2727, 73 L. Ed. 2d 396 (1982)).

Dated this 3rd day of August , 2021

Respectfully Submitted By: _Joel S. Flakes_

_Joel Scott Flakes_

Joel S. FLAKES
100 Corrections Drive
Stanley, WI 54768-6500

(4)