IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JOEL SCOTT FLAKES,

                Plaintiff,                  OPINION AND ORDER

v.

                                                     17-cv-237-wmc

DOC SECRETARY KEVIN CARR,
HOLLY KITCHELL and
EDWARD WALL,

                Defendants.

---

*Pro se* plaintiff Joel Scott Flakes, an inmate at Stanley Correctional Institution ("Stanley"), brought this lawsuit against the Wisconsin Department of Corrections ("DOC") Secretary Kevin Carr, former DOC Secretary Edward Wall, and former Stanley employee Holly Kitchell, claiming that the 2015 denial of his request for a personal care attendant violated his Fourteenth Amendment equal protection rights, as well as his rights under the Rehabilitation Act. On July 16, 2021, the court granted defendants' motions for summary judgment. In particular, the court dismissed: (1) his Rehabilitation Act claim because no evidence of record would permit a reasonable fact-finder to conclude that Flakes was deprived of any programming or activities for lack of a personal care attendant; (2) his Fourteenth Amendment equal protection claim as to defendant Kitchell because no evidence suggested that defendant Kitchell denied his request for a personal care attendant without a legitimate basis: and (3) his Fourteenth Amendment equal protection claim as to defendant Wall for lack of personal involvement. On August 10, 2021, Flakes submitted a document (1) objecting to defendants Carr and Kitchell's bill of costs, (2) indicating his intent to appeal the court's ruling, and (3) requesting a new trial. (Dkt. #65.) In this

1

order, the court will construe his third request as a motion to alter or amend the judgment under Federal Rule of Civil Procedure 59(e), and deny it.[1] A separate order will issue with respect to the bill of costs, which has been docketed separately. (*See* dkt. #64.)

OPINION

Under Federal Rule of Civil Procedure 59(e), a court has the opportunity to consider newly discovered material evidence or intervening changes in the controlling law or to correct its own manifest errors of law or fact to avoid unnecessary appellate procedures. *See Moro v. Shell Oil Co.*, 91 F.3d 872, 876 (7th Cir. 1996); *Harrington v. City of Chi.*, 433 F.3d 542, 546 (7th Cir. 2006). A "manifest error" occurs when the district court commits a "wholesale disregard, misapplication, or failure to recognize controlling precedent." *Burritt v. Ditlefsen*, 807 F.3d 239, 253 (7th Cir. 2015) (internal quotations and citations omitted). Rule 59(e) relief is only available if the movant clearly establishes one of these foregoing grounds for relief. *Harrington*, 433 F.3d at 546 (citing *Romo v. Gulf Stream Coach, Inc.*, 250 F.3d 1119, 1122 n.3 (7th Cir. 2001)). In particular, Rule 59(e) "does not provide a vehicle for a party to undo its own procedural failures, and it certainly does not allow a party to introduce new evidence or advance arguments that could and should have been presented to the district court prior to the judgment." *Moro*, 91 F.3d at 876.

Here, Flakes has not identified a manifest error of law or fact. Instead, he reargues a point that the court specifically rejected in its original July 16 opinion and order: that the cost of the personal care attendant would not be burdensome, and in fact, would cost

---

[1] The court retains jurisdiction of Flakes' motion for reconsideration pursuant to Federal Rule of Appellate Procedure 4(a)(4)(B)(i).

less than another care provider offered by the DOC in the form of a special needs worker. Yet the relative cost of a special needs worker does not suggest that the denial of that request deprived him of any benefits or privileges available to other prisoners. (Dkt. #61, at 17-18.)

Since Flakes has not otherwise directed the court to an error of law or fact, his motion will be denied.

ORDER

IT IS ORDERED that plaintiff Joel Scott Flakes' motion for a new trial (dkt. #65) is DENIED.

Entered this 23rd day of August, 2021.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge